UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

F I L E D
JUN - 9 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TIME FOR GOOD FOOD, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14CV686 CMH/TCB |
| ) | |
| RED HOT & BLUE ) | |
| RESTAURANTS, INC. ) | |
| **SERVE:** ) | |
| Registered Agent ) | |
| Corporation Service Co. ) | |
| Bank of America Center, 16th Floor ) | |
| 1111 East Main Street ) | |
| Richmond, VA 23219 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Time for Good Food, Inc. ("TFGF"), by counsel, hereby files its Complaint against Red Hot & Blue Restaurants, Inc. ("RHB"), and states as follows:

### PARTIES

1. Plaintiff Time for Good Food, Inc. is the sole owner and operator of a restaurant called King Street Blues, located on North St. Asaph Street in Alexandria, Virginia.

2. Defendant Red Hot & Blue Restaurants, Inc. is a corporation that owns, operates and/or franchises barbeque restaurants in several U.S. states including the Commonwealth of Virginia.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 15 U.S. Code § 1121.

4. Venue is appropriate as both parties operate businesses within the locality of the Court. 28 U.S. Code § 1391.

## FACTS

5. TFGF operates a restaurant in Alexandria, Virginia. Among other things, TFGF's restaurant is well-known and highly regarded for Southern-style comfort food. In addition to dine-in eating, TFGF provides catering services.

6. Plaintiff is the sole owner of the service mark "Catering With A Southern Accent" (the "Mark").

7. TFGF filed its application for the Mark on September 13, 2006. TFGF published the Mark in 2007 and it was registered in 2008. (See "Exhibit A" attached).

8. "Catering With A Southern Accent" constitutes a "mark" for purposes of 15. U.S.C. §1051 *et seq*. ("The Lanham Act").

9. The bulk of TFGF's earnings stem from restaurant and catering sales utilizing its unique restaurants, trade dress, recipes and service marks.

10. TFGF has used "Catering With A Southern Accent" in connection with operating its restaurant and catering business, and in advertising.

11. On or about January 2014, TFGF discovered that defendant RHB was using TFGF's Mark. The Mark is used on RHB's website and appears on some of its vehicles (See "Exhibit B" attached).

12. TFGF has not granted any permissive use to RHB. In fact, RHB's use of the Mark constitutes an infringement.

13. On January 14, 2014, TFGF put RHB on notice of the infringement (See "Exhibit C" attached). TFGF demanded that RHB immediately cease and desist all use of the Mark.

14. TFGF alleges that it comes with clean hands, and that RHB continues to intentionally and willfully use the Mark in the operation of its business.

15. As of the date of this suit, RHB continues to use the Mark in derogation of TFGF's rights.

16. RHB is using the Mark for the sale, offering for sale, distribution, or advertising of its goods or services.

17. RHB's use of the Mark infringes on TFGF's rights and dilutes the strength of TFGF's Mark.

## COUNT ONE
## Violation of the Lanham Act

18. For purposes of this count, TFGF re-alleges all of the previous allegations.

19. Monetary and equitable relief is appropriate under the Lanham Act.

20. Registration of the Mark is prima facie evidence of the validity of the Mark, of the registrant's ownership of the Mark, and of the registrant's exclusive right to use the registered Mark in commerce on or in connection with the goods or services specified in the certificate. 15 U.S.C. 1057(b). TFGF owns the Mark for use in restaurant and catering.

21. The Mark was duly registered and TFGF is entitled to protection by the Lanham Act.

22. RHB's intentional use of the Mark infringes TFGF's rights and dilutes the strength of the Mark.

23. RHB operates a business in competitive proximity to TFGF and RHB offers similar products and services.

24. RHB's intentional and purposeful use of the Mark causes confusion and dilution of TFGF's business.

25. RHB has infringed on the Mark without good faith and in complete disregard for TFGF's rights.

26. RHB continues to act with actual, willful and purposeful intention of infringing on TFGF's rights by using TFGF's mark to generate sales.

WHEREFORE, the Plaintiff Time for Good Food, Inc. prays it be awarded the catering profits earned by RHB, a judgment against RHB for damages in the amount of $300,000.00, plus costs and interest from the date of loss, reasonable attorneys' fees in connection with the preservation of the plaintiff's Mark, and also seeks an injunction against any further use by the Defendant RHB of the "Catering With A Southern Accent", and further seeks that such offending use of the Plaintiff's Mark cease and desist, and that the Plaintiff be awarded any other damages resulting from Defendant's conduct and any other equitable relief that the court sees fit.

Respectfully submitted,

TIME FOR GOOD FOOD, INC.

By: _____
Counsel

David D. Hudgins (VSB #20602)
Sean C.E. McDonough (VSB #33137)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, VA 22314
(703) 739-3300 telephone
(703) 739-3700 facsimile

Dated: June 5, 2014